JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO U. GRASSANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE LOS ANGELES SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS *ET AL*.,<br><br>　　　　Defendants. | Case No. 2:20-cv-06903-SVW-AFM<br><br>**ORDER DISMISSING THE ACTION WITHOUT PREJUDICE** |

　　　　Plaintiff, proceeding *pro se*, filed this civil rights action on July 31, 2020, against defendants the Los Angeles Society for the Prevention of Cruelty to Animals ("SPCALA") and the Southeast Area Animal Control Authority ("SEAACA"). (ECF No. 1.) On September 18, 2020, defendant SPCALA filed its Answer. (ECF No. 18.) On September 23, 2020, defendant SEAACA filed a Motion to Dismiss. (ECF No. 20.) Plaintiff failed to timely file his opposition to the Motion to Dismiss (or seek an extension of time in which to do so), and the Court issued an Order to Show Cause in writing as to why the action should not be dismissed as to defendant the SEAACA. (ECF No. 23.) Plaintiff subsequently stated under penalty of perjury that he was unable to respond to the SEAACA's Motion to Dismiss because he was

incarcerated from September 17, 2020, until December 21, 2020, he is homeless, and he is suffering from mental health problems. (ECF No. 31 at 2-3.)

On March 3, 2021, plaintiff filed a Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41 ("Rule 41(a)") seeking to dismiss the action in its entirety without prejudice. (ECF No. 26; "Notice of Dismissal.") The assigned Magistrate Judge ordered defendants to file a response to plaintiff's Notice of Dismissal indicating whether they would stipulate to dismissal. (ECF No. 25.)

Defendant SPCALA filed a Response stipulating to plaintiff's dismissal without prejudice. (ECF No. 29.)

Defendant SEAACA filed a Response stating that it would stipulate to a dismissal only if the dismissal was with prejudice based on plaintiff's history of filing multiple legal actions. (ECF No. 27.)

On March 15, 2021, plaintiff filed a "Response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Without Leave to Amend" seeking to have SEAACA's Motion to Dismiss denied. (ECF No. 30.) Plaintiff also filed a "Motion to Set Aside any Default and to Quash [sic] Defendant SEAACA's Request that Plaintiff's Dismissal be With Prejudice." (ECF No. 31; "Plaintiff's Motion.")

Pursuant to Rule 41(a)(1)(A), a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposition party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Here, only one defendant has filed an answer in this action, and that defendant, SPCALA, has stipulated to plaintiff's dismissal without prejudice. (ECF No. 29.) The other defendant, SEAACA, has not filed an answer or a motion for summary judgment. The Ninth Circuit has held that Rule 41(a) is "unequivocal," and the language of the statute grants a plaintiff the "absolute right" to dismiss a defendant without prejudice from an action. *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110-11 (9th Cir. 1999); *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993) (holding that Rule 41(a)(1)(A) grants a plaintiff the

"absolute right" to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment). Further, pursuant to Rule 41(a)(1)(A)(i), a plaintiff's Notice of Dismissal takes effect upon filing without a court order, and a district court has no jurisdiction to impose conditions on the dismissal or vacate the voluntary dismissal. *See, e.g., Miller v. Sawant*, 811 Fed. App'x 408, 410 n.1 (9th Cir. Apr. 27, 2020) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3); *Am. Soccer Co.*, 187 F.3d at 1112 ("if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court").

The Court concludes that SEAACA, a defendant who has filed neither an answer nor a motion for summary judgment in this action, has no basis to object to plaintiff's Notice of Dismissal. The only defendant to have filed an answer in this action (SPCALA) has stipulated to dismissal of the action without prejudice. Accordingly, the action is dismissed without prejudice pursuant to Rule 41(a)(1)(A), and the case is closed. The Court also denies Plaintiff's Motion as moot. (ECF No. 31.)

IT IS SO ORDERED.

DATED:   March 24, 2021

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE